ams

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SPRINT SPECTRUM, L.P.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )     **Case No. 04-2113-JAR** |
| **MEGA PC & COMMUNICATIONS,** | ) |
| **INC.** | ) |
| | ) |
| **Defendant.** | ) |
| ———————————————————— | ) |

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE**
**DEFAULT JUDGMENT**

This matter is before the Court on defendant's Motion to Set Aside Default Judgment

(Doc. 11).  The motion is now fully briefed and the Court is prepared to rule.  For the reasons

described below, the Court denies defendant's motion.

*Background*

Plaintiff Sprint Spectrum ("Sprint") filed its Complaint and issued summons to defendant

Mega PC & Communications, Inc.. ("Mega") on March 23, 2004 (Doc. 1).  Elizabeth Rivera,

President of Mega, submits that immediately after receiving the summons and Complaint, Mega

contacted Ramon Pagan, Esq. in New York, who represented Mega in all legal matters.[1]  Pagan

informed Mega that it was not amenable to suit in Kansas "because Mega did not have sufficient

contacts with Kansas for Kansas to assert in personam jurisdiction over Mega."  Because all of

the transactions between the parties took place in New York, Pagan advised that Mega was not

---

[1]Summons was returned executed, showing a receipt date of March 29, 2004.

required to appear in the Kansas action.

The Answer was due to be filed on April 19, 2004 but was never filed.  On August 2, 2004, Judge Waxse issued an Order to Show Cause for lack of prosecution with a response deadline to Judge Murguia of August 18, 2004 (Doc. 4).[2]  Although Mega did not respond to the Order to Show Cause, Sprint did respond and advised the court: "Mr. Pagan informed counsel for Sprint PCS that defendants [sic] local counsel would be contacting counsel for Sprint PCS to request additional time to file its answer or other responsive pleading. . . .  By the beginning of June, no local counsel for defendant had contacted counsel for Sprint PCS and no attorney had entered their appearance in the case"  (Doc. 5 at 1–2).  Sprint advised further that its counsel sent Pagan a letter on June 3, 2004 inquiring whether he or anyone else would be appearing in the matter and informing him that if counsel did not hear back from him or his client on or before June 14, 2004, it would seek default judgment.

The court granted Sprint's Motion for Default Judgment on October 29, 2004 in the amount of $483,658.62 after neither Pagan nor Mega responded to the court's prior order or Sprint's correspondence (Doc. 10).  Mega was served with the Motion for Default Judgment. According to Rivera, because "Mega believed Mr. Pagan's rationale to be reasonable and trusted in his professional judgment . . . [it] did not oppose the motion for default judgment."

In January 2005, Sprint registered its judgment against Mega in the United States District Court for the Southern District of New York.  Then, in late February 2005, someone contacted counsel for Sprint from the law office of Samuel Chuang, new counsel for Mega, and asked if Sprint would agree to voluntarily set aside the default judgment.  Counsel for Sprint declined but

---

[2]On May 26, 2006, this case was reassigned to the undersigned.

offered to review a draft motion identifying Mega's asserted grounds for relief and to discuss it

with Sprint.  Mega never submitted a draft motion to Sprint, but on October 31, 2005, Mega filed

the instant motion to set aside default judgment.

***Discussion***

Under the Federal Rules of Civil Procedure, the Court may set aside default judgment in

accordance with Rule 60(b).[3]  "Relief under Rule 60(b) is extraordinary and may only be granted

in exceptional circumstances."[4]  Under Rule 60(b), the Court may relieve a party from final

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been
> discovered ; . . . (3) fraud . . . misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied . . . or a prior judgment upon which it
> is based has been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the
> judgment.

This rule attempts to reflect the policy goals of preserving the finality of judgments while

pursuing justice "in light of *all* the facts."[5]  A motion under Rule 60(b) must be made within a

reasonable time.[6]  The decision to grant relief under Rule 60(b) is left to the sound discretion of

---

[3]Fed. R. Civ. P. 55.

[4]*See, e.g.*, *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

[5]*Mullin v. High Mountain*, No. 05-4039, 2006 WL 15120187, at *1 (10th Cir. June 2, 2006) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotations omitted)).

[6]Fed. R. Civ. 60(b).

the trial court.[7]

In a motion under Rule 60(b), the movant has the burden to plead and prove justifiable grounds for relief permitted by the rule, and the existence of a meritorious defense.[8] Mega argues that the Court should set aside the default judgment in this case because of the gross negligence of its former counsel in failing to appear and answer or otherwise plead in this matter. Specifically, Mega seeks relief under subsections (b)(1) and (b)(6). Sprint responds that the motion was not made within a reasonable time, and that neither ground specified by Mega applies to the failure to prosecute in this case.

### 1. Timeliness

Rule 60(b) requires that a motion brought for mistake, inadvertence, surprise, or excusable neglect under subsection (b)(1) be made not more than one year after the judgment was entered. Sprint argues that the one-year requirement is not met here because Mega filed its motion on October 31, 2005—more than one year after the judgment was entered on October 29, 2004. However, Mega is correct that the motion was filed within the one-year period. When computing any period of time under the Rules, the Court looks to Rule 6(a), which states that the last day of any period is computed, unless it falls on a Saturday, Sunday, or holiday. October 29, 2005 fell on a Saturday; therefore, Mega filed the motion exactly one year from the entry of judgment the following Monday, October 31, 2005.

Sprint argues further that the motion for default was not filed within a reasonable period,

---

[7]*Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988); *Schnuelle v. C&C Auto Sales, Inc.*, 196 F.R.D. 395, 397 (D. Kan. 2000).

[8]*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *see also Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 n.5 (10th Cir. 1990); *Cessna Fin. Corp.*, 715 F.2d at 1445; *Schnuelle*, 196 F.R.D. at 397.

even if it was filed within one year from the date of judgment.  Any motion under Rule 60(b)

must be filed within a reasonable time.[9]  And, the "'motion is not timely merely because it has

been filed within one year of the judgment.'"[10] Instead, the Court must look at the facts of each

case, evaluating the following factors: the interest in finality, the reason for delay, the practical

ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.[11]

Certainly the interest in finality is great here.  The judgment in this case had been in place

for over one year when Mega filed its motion.  Moreover, Sprint has registered the judgment in

the Southern District of New York.  The reason provided for the delay is Pagan's misguided

advice to Mega that it should not respond to this suit.  Even assuming this reason is a valid

reason for a defendant to completely ignore a Complaint filed against it, the length of the delay

was unreasonable.  There is uncontroverted evidence that counsel from Sprint was contacted by

someone associated with Mega's new counsel in February 2005, hoping to stipulate to setting

aside the default judgment.  Counsel for Mega failed to send Sprint a draft motion, as Sprint had

requested, and instead waited approximately eight months to file a motion to set aside default

judgment.[12]  Mega provides the Court with no explanation for this further delay.  Finally, the

Court finds that the delay caused some prejudice to Sprint.  Sprint has registered the judgment in

this case and has treated it as a closed matter since October 29, 2004.  Requiring them to now

engage in discovery after this length of time unavoidably will cause some prejudice.  The Court

---

[9]*Mullin*, 2006 WL 1520187, at *3 n.3; *see* Fed. R. Civ. P. 60(b).

[10]*Id.* at *2 (quoting *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990)).

[11]*Id.* (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

[12]*See CSU, L.L.C. v. Xerox Corp.*, 202 F.R.D. 275, 281 (D. Kan. 2001); *see also McCormick v. City of Chicago*, 230 F.3d 319, 328 (7th Cir. 2000); *United States v. Assad*, 179 F.R.D. 170, 172 (M.D.N.C. 1998).

concludes that the balance of these factors, in particular the reason and length of delay,  weigh

against a finding of reasonable delay.[13]  Although the Court finds that the motion was not filed

within a reasonable amount of time from the date of judgment, it will proceed to evaluate the

Rule 60(b) grounds under which Mega seeks relief.

### 2.  Rule 60(b)(1)

Mega cites Rule 60(b)(1)—mistake, inadvertence, surprise, or excusable neglect—as the

first basis for relief from default judgment.  Specifically, Mega maintains that Pagan's advice,

that it was not required to appear and defend in this action because this Court lacked jurisdiction,

was negligent and/or careless.  Excusable neglect is a "somewhat 'elastic concept' and is not

limited strictly to omissions caused by circumstances beyond the control of the movant."[14]

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in

which the failure to comply with a filing deadline is attributable to negligence.  Because of the

language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or

her control is not considered to constitute 'neglect.'"[15]  The Supreme Court has stated:

> In other contexts, we have held that clients must be held
> accountable for the acts and omissions of their attorneys. . . . This
> principle applies with equal force here and requires that
> respondents be held accountable for the acts and omissions of their
> chosen counsel.  Consequently, in determining whether
> respondents' failure . . . was excusable, the proper focus is upon
> whether the neglect of respondents *and their counsel* was

---

[13]*See Xerox Corp.*, 202 F.R.D. at 283 (explaining that when other factors weigh strongly against timely filing, the prejudice factor carries little weight).

[14]*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993).

[15]*Id.* at 394.

excusable.[16]

Moreover, the Tenth Circuit and courts in this district have declined to find attorney

carelessness or negligence constitutes "excusable neglect" sufficient to set aside judgment.[17]

The Court sees no explanation for Pagan's failure to answer or even appear in this action.  Mega

received a copy of the Complaint, which states that if it failed to answer within the appropriate

time frame, "judgment by default will be taken against you."[18]  Sprint also certified that it placed

copies of its Response to the Order to Show Cause, and its Motion for Default Judgment, in the

United States Mail, Certified Mail, Return Receipt Requested to Mega PCS Corp., 80-32

Jamaica Avenue, Woodhaven, NY 11421.  Mega does not deny receiving these documents.  The

Court finds it difficult to comprehend how a company with notice of these filings could authorize

an attorney to completely ignore them.

Most importantly, no affidavit is offered by Pagan explaining his reason for not

responding to the action.  There is a discrepancy in the record on this point between the parties.

Mega argues that Pagan advised it not to answer the Complaint, while counsel for Sprint states

that Pagan represented to counsel that he intended to retain local counsel to appear in the matter.

"Parties desiring relief must particularize, and generally do not acquit themselves of

---

[16]*Id.* at 397 (emphasis in original) (citations omitted); *see also Harvey v. Yellow Freight Sys., Inc.*, 936 F. Supp. 790, 795 (D. Kan. 1996) (explaining that because parties choose an attorney as their representatives, they are held accountable for the acts or omissions of their attorneys and that "[a]ny recourse against [the] attorneys for their alleged malpractice must be brought in a timely, separate action against them.").

[17]*See, e.g.*, *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 n.5 (10th Cir. 1990); *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983); *Mullin v. High Mountain*, No. 05-4039, 2006 WL 15120187, at *1 (10th Cir. June 2, 2006); *McMullen v. Wash. Nat'l Ins. Co.*, 19 F.3d 33, 1994 WL 75867 at *1 (10th Cir. Mar. 8, 1994) (unpublished table decision); *Schnuelle v. C&C Auto Sales, Inc.*, 196 F.R.D. 395, 397 (D. Kan. 2000).

[18](Doc. 18, Ex. 5.)

responsibility by showing merely that they placed the case in the hands of an attorney."[19]   The

Court finds that Mega fails to prove excusable neglect here, where its explanation is in contrast

to Sprint's and where the Court lacks supporting affidavits from its former counsel explaining

his reason for allowing default.[20]   Instead, the Court finds that Mega and its former counsel's

neglect in this case was inexcusable.

### 3.  Rule 60(b)(6)

Mega also claims relief under Rule 60(b)(6), for "any other reason justifying relief from

the operation of the judgment."  Rule 60(b)(6) is referred to as a "grand reservoir of equitable

power to do justice in a particular case."[21]   Mega urges the Court to find that gross attorney

negligence, as in this case, may allow for relief under subsection (b)(6).  Mega argues that  gross

negligence takes the facts out of the realm of "mere carelessness"[22] by counsel, subsumed by the

excusable neglect basis for relief.  Sprint argues that Mega's decision not to defend in this action

cannot form the basis to set aside a judgment under Rule 60(b)(6).  The Court agrees.

The Court has already found that Mega's former attorney's neglect in this case was

---

[19]*Pelican Prod. Corp.*, 893 F.2d at 1146 (quoting 7 Moore's Federal Practice ¶ 60.22[2], at 60-184 (2d ed. 1987)).

[20]*See id.* ("We believe a most obvious void exists where a party claims that its counsel's activities were not its own, but fails to demonstrate to the court any effort to produce explanation from its former counsel for his conduct."); *McMullen*, 1994 WL 75867, at *1 (explaining movant's burden is onerous because it did not come forward with any credible explanation from its counsel for the default); *Cessna Fin. Corp.*, 715 F.2d at 1446 (pointing to a lack of supporting affidavits from counsel).
 Furthermore, to the extent Mega seeks relief under the "mistake" provision of Rule 60(b)(1), the Court also declines to grant relief.  "[A] party who takes deliberate action with negative consequences . . . will not be relieved of the consequences when it subsequently develops that the choice was unfortunate."  *Cashner v. Freedom Stores, Inc.*, 98 f.3d 572, 577 (10th Cir. 1996) (collecting cases).

[21]*Pelican Prod. Corp.*, 893 F.2d at 1146 (quoting *Pierce v. Cook & Co.*, 518 f.2d 720, 722 (10th Cir. 1975) (en banc)) (further citations omitted).

[22]Mega does not properly attribute this statement that it claims is made in *Pelican Production Corporation*. The word "mere" does not appear in the text of that opinion.  893 F.2d at 1146.

inexcusable.  Mega maintains that the gross negligence of its former attorney removes the case

from the realm of excusable neglect under Rule 60(b)(1), and qualifies it for relief under Rule

60(b)(6) instead.  The Court finds this interpretation untenable.  As the Supreme Court has

stated:

> Rule 60(b)(1) . . . permits courts to reopen judgments for reasons
> of "mistake, inadvertence, surprise, or excusable neglect," but only
> on motion made within one year of the judgment. Rule 60(b)(6)
> goes further, however, and empowers the court to reopen a
> judgment even after one year has passed for "any other reason
> justifying relief from the operation of the judgment." These
> provisions are mutually exclusive, and thus a party who failed to
> take timely action due to "excusable neglect" may not seek relief
> more than a year after the judgment by resorting to subsection (6).
> To justify relief under subsection (6), a party must show
> "extraordinary circumstances" suggesting that the party is faultless
> in the delay.  If a party is partly to blame for the delay, relief must
> be sought within one year under subsection (1) and the party's
> neglect must be excusable. In *Klapprott*, for example, the
> petitioner had been effectively prevented from taking a timely
> appeal of a judgment by incarceration, ill health, and other factors
> beyond his reasonable control. Four years after a default judgment
> had been entered against him, he sought to reopen the matter under
> Rule 60(b) and was permitted to do so.[23]

The Court has already found that Mega is not faultless in the delay; therefore, it may not seek

relief under subsection (6) simply because it is unable to obtain relief under subsection (1).

Further, even if subsection (6) was available to Mega, the Court does not find

extraordinary circumstances present in this case.  "We do not have a case involving an

uneducated [defendant], unaccustomed to litigation."[24]  Not only did Mega have counsel, but it

---

[23]*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993).

[24]*See Pelican Prod. Corp.*, 893 F.2d at 1147 (comparing cases); *see also Cessna Fin. Corp.*, 715 F.2d at 1446 (finding sophistication of defendant made it unlikely that he did not know of the need to respond to the complaint) .

also had notice of many events in the litigation before default judgment was entered, as already

discussed.  The Tenth Circuit has stated on a previous occasion that it "find[s] nothing unfair

about requiring a party to be bound of the actions of its attorney-agent."[25]  Because Mega is a

relatively sophisticated litigant and because it had ample notice of the possible consequences of

its actions, the Court declines to find extraordinary circumstances present.

*Conclusion*

The Court denies the motion to set aside default under Rule 60(b).  First, the Court finds

that the motion was not filed within a reasonable time from the date of judgment.  Second, the

Court finds that the neglect by former counsel for Mega in not appearing or answering in this

matter was inexcusable.  Because this neglect is inexcusable, Mega lacks a basis for relief under

Rule 60(b)(6), as that relief is mutually exclusive to the relief sought under Rule 60(b)(1).  Even

if this were not the case, Mega fails to present the extraordinary circumstances required to justify

relief under Rule 60(b)(6).  Because the Court concludes that the motion was not timely and that

Mega is unable to meet its burden of pleading a proving a basis for relief, the Court declines to

consider whether Mega is able to show merit in its defense.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's  Motion to Set

Aside Default Judgment (Doc. 11) is **denied.**

**IT IS SO ORDERED**.

Dated this 16th day of June 2006.

 S/ Julie A. Robinson
 Julie A. Robinson
 United States District Judge

---

[25]*Id.*

10